Case No. 15-1358NL. Benjamin H. Realty Corp. Petitioner v. National Labor Relations Board. Mr. Horowitz for the petitioner. Mr. Cassily for the respondent. Good morning and may it please the Court. My name is Stephen Horowitz. I represent Benjamin H. Realty, the appellant in this matter. This is a test of certification case surrounding the NLRB's decision that one employee who was the tie-breaking vote in a certification election was not a supervisor. We clearly maintain that he was. Why is it so important? Because in an NLRB setting, if there is a tie in the election, the election is lost by the union. Ties go to the employer. If the majority of the people vote for the employer, then there's no union. If the majority of the people vote for the union, there's a union. But here, there is a tie, and that goes to the employer. So this one vote is critical to this case. The issues before the Court as I raised them was that the NLRB erroneously concluded that Perea was not this contested voter's name was Perea, was not a supervisor, that the NLRB improperly denied our motion to reopen the record when the same individual, Perea, brought a lawsuit in the United States, I'm sorry, in the New Jersey Superior Court where he alleged that on the date of the election, he was a supervisor, and that the employer should not bear the burden of proving supervisory status because of the fact that at the beginning of the hearing and during the course of the hearing, Perea admitted that he was a supervisor at least up through March of 2012. The election was in November of 2012. It seems to me that the logic of Justice Scalia's Kentucky River decision is that it makes sense to have the person who will benefit from the classification of a person as a supervisor wants to show X to be a supervisor to have that burden because, as he says, it's easier to prove an employer's authority to exercise one of the 12 listed supervisory functions than disprove an employee's authority to exercise any of these functions. It's a practicality. They're just placing a burden on the party, asserting supervisory status. That seems very logical to me, although the opinion says it refers to the NLRB's judgment here. It seems to also say it's a really sensible judgment here. Isn't it interesting that the triad of cases here that make up this supervisory issue, Kentucky River, Oakwood, Golden Crest, all of those cases revolve around nursing homes, hospitals, assisted living. And there's a reason I raise this. There's a ratio of registered nurses to LPNs to CNAs in these facilities. What happened in Kentucky River, what happened in Oakwood, what happened in Golden Crest, all those cases is that employers exceeded the number of LPNs and CNAs and they had to hire more RNs. And the RNs are traditionally the supervisors in those facilities. So what happens? The RNs, employees become disgruntled, they form a union, some of those RNs support the union, and the employer gets greedy and they start saying, you know what, all these RNs are supervisors. And in that situation... And why do they do that? Because they're trying to exclude those... I take your point that each of the cases... But here's where this one is different. ...circumstances, which is an almost universal phenomenon, but Justice Scalia, here in Kentucky River, seems to have focused on a quite reasonable general proposition that would cut across all those particular circumstances and firms the NLRB with apparent enthusiasm. For us to start ordering NLRB to retreat from that... I'm not suggesting that. ...on a sort of catch-as-catch-can basis... And I don't disagree. ...is extraordinary. I don't disagree. What differs this case from those others is that at no point were those RNs asserted, or did those RNs who were contested in those elections, did they say, I was always a supervisor, and then it was taken away from me? I mean, I understand. It's a different circumstance. You have an apparent, just an assertive shift of status. But, and I suppose a shift of status occurring one day before the vote might be sufficient, a claim of shift of status then might be sufficient to undermine the burden allocation. We have a fused record here, but I don't think it's quite that. Again, the answer to your question is that you've got such a short timeframe and such a contested record here about whether he lost it or not. So fact-specific. That's what burdens are for. I understand. To resolve highly fact-specific disputed questions. Right. Listen, the truth of the matter is I don't want to get, and I respect your question, and I know it's raised as an issue here. That's my third issue. I'm putting the bulk of my argument into the fact, and listen, do I think it's unjust? Did I think that it was inappropriate given this set of facts that in a three-month period between May when he was supposedly losing the supervisory status to the end of August when the petition was filed and November when the election was held, do I think it's really suspicious that it's happening in that short of a timeframe? Sure. Is that the bulk of my argument? Absolutely not. I did it to preserve an argument, but that is certainly not the thrust of my argument here. The thrust of my argument is that the substantial evidence that was provided in this case, both in admissions by the other employees who supposedly supported this decision that he was no longer a supervisor as well as the employer's witnesses, was that the bulk of that evidence shows that this guy was clearly a supervisor. The advantage to your burden of proof argument is that it was at least a legal issue that we could look at de novo, whereas now you're putting your whole case on an argument about substantial evidence, and we rarely, rarely set aside NLRB decisions on that ground, particularly when it's based on credibility determinations. Well, I'm not contesting credibility. I'm saying if you take, listen, the rarely applies to the credibility determinations. I have been practicing long enough to know that that is a loser argument. I do not attack credibility. I'm saying take everything that they say to be true, and in that situation, you still have substantial evidence that real was a supervisor at the time of this election, and there are seven facts here against everything that's in this record, but seven facts that stand out the most. That could be true, and because of the peculiar nature of substantial evidence, there could also be substantial evidence in support of the board's decision. No doubt. But that's a decision that you are ultimately making as to what... That's not the issue. I'm sorry? It's not a decision you're ultimately making. It's a decision on which we owe great deference to the board. I agree, but you still... The reason that there are three appendices that are about two or three inches thick each that was submitted on this case is that you still get to look at that evidence, and you still get to see if that passes muster. That is still part of the job of this appellate court, and I'm not trying to minimize what you said, that it is a tough standard, but it still gets a fresh look here. Yes, you have to give deference, but if you look at it and you see that, hey, there's a lot of evidence here that shows that this individual was a supervisor, then you still get to apply your judgment, your experience, to the facts of this case. Can I ask you a fact question in that regard, just clear from the record? How long had he been a supervisor before Mr. Weiss came on board? When these were buildings that were in existence before my client, that were operating before my client purchased them in 2000. He went from approximately four or six of which Korea was a supervisor when he purchased it up through 2011 when he had 13 buildings and Korea was still the supervisor. So 2000 to 2012. 2012 he purchased three more, raising it to 16 buildings and he was still the supervisor. So he was a supervisor throughout this whole time. I know I'm out of time here. Why don't you just quickly finish up? I'm going to raise those seven facts to you and then I'm going to sit down and hopefully reserve some time. You're going to raise seven? How about this? I'll raise it. You could finish up in one minute.  Okay. Again, the substantial evidence here suggests that Mr. Weiss was a supervisor and this individual worked as a supervisor. I want to just one second touch on the motion to reopen because that is somewhat compelling as well. The standard with that is that the board certainly has discretion but responded, I'm sorry, the evidence must change the result of the hearing. That's Manhattan Center Studios in NLRB case. The evidence must change the result of the hearing. I don't see how a complaint filed in the Superior Court in New Jersey where he claims that he was a supervisor at the time of the election does not substantially change that. And there was a little bit of a... Where does the complaint say that? I'm sorry? Where does the complaint say he was a supervisor at the time of the election? It was... It was on one of the first page. It said that he did not get demoted until January of 2013, if I'm not mistaken. What's the position of superintendent for three of the buildings? It doesn't say that he wasn't a superintendent for more buildings before that. It doesn't say he was a supervisor before that. If I'm not mistaken, it says he was demoted in January of 2013. To superintendent for three buildings. To superintendent, meaning that he was a supervisor prior to that time. Then you have a letter being submitted by his attorney in that Superior Court case saying, oh, my client is a poor historian and maybe I misinterpreted him. And then after that... Mr. Horwitz, you're out of time. I'm sorry. Okay. Thank you. We'll hear from the board. I'll give you a minute on rebuttal. Okay? Thank you. Good morning and may it please the court. I'm David Casserly for the NLRB. This case is a fairly simple case about one employee's supervisory status. And the question is whether substantial evidence, as the court identified, supports the board's decision. And here, given the burden of proof, substantial evidence clearly supports the board's decision that the company did not prove that Mr. Pereo was a supervisor as of the date of the election. What the company has to prove is three things for each supervisory element. The authority to wield that element with using independent judgment in the interest of the employer. Simply put, there's none of these that even really come close that they've presented evidence of. There's some small evidence that there was one employee's testimony that the board did credit that he gave routine kind of instructions but there's no even evidence that these instructions didn't come directly from Mr. Weiss. Can you clarify one thing for me? I want to make sure I'm understanding the state of board law correctly. In a situation where you have the issue really isn't supervisor or not riding on a clean slate. It's whether he continued as a supervisor after Mr. Weiss was hired. He was a supervisor for 12 years and the question is whether it continued through that 4-month period. Looking at the hearing officer decision which the board adopted I'm assuming that the board doesn't say we ignore everything that happened for 12 years and we look with blinders at this 4-month period and insist on indicia then but that the nature of the analysis is more holistic it doesn't exclude that but the problem was here that there just seemed to be a rather dramatic change once Mr. Weiss was hired. Am I understanding it right that the board doesn't close off everything that came before for 12 years when it analyzes the factors it looks at the whole picture but there was just a big change here. That was all admitted as evidence so clearly the board could look at anything that was happening before 2012 and it did but in terms of what carried weight with the board's decision it was not proven to have wielded any of these duties after May 2012. You said the board could look at whatever it wants I guess I'm trying to make clear that there's nothing in this decision that says the board doesn't have to that it could really when someone says yeah I was a supervisor for 12 years but let's look at this 4-month period before the election and that's all we're going to look at we're not going to analyze the evidence looking at the whole history of supervisory status and whether it continued I assume the board's that's not the board's position I mean the board's position here is the board did look at all that evidence and did find that there was a change so if you're presenting a situation where there was literally no evidence either way somebody had been a supervisor for 12 years and then there's no evidence introduced either way after a certain point the board's not really deciding that case here so I can't actually answer as far as what the board's position is other than to say that here the board did evaluate evidence it mentioned that he was a supervisor for 12 years it did mention that he had at some point hiring authority although the board didn't specifically find that he wielded any other particular it was stipulated that he was a supervisor so the board didn't really need to get into before that which indicia of supervisory status he wielded and moving on to as you mentioned the evidence of a change there's ample evidence that there was a change here first of all Mr. Perea was specifically told by Mr. Weiss that or specifically told by the owner that Mr. Weiss would be in charge that everything goes through Mr. Weiss two employees testified that their supervisor was Perea before this change happened after that they testified that everything went through Mr. Weiss even an employee that initially one employee who had initially gotten his raises by talking first to Mr. Perea when he got a raise after Mr. Weiss was hired went straight through Weiss so what about Judge Williams reference and that is what happens if the time frame is even shorter if it were a month before the election which is why I was asking sort of the bigger picture question and that's not so much a burden of proof one is just simply how holistic the analysis is because one can imagine concerns about sudden demotions right before an election yes your honor so if the demotion were a month before the election we'll say that's right after the petitions filed that would certainly raise a lot of concerns under other areas of board law that said in terms of the law the boards eligibility standard for this type of election is as of the date of the election whether he is a supervisor or not so if there is a demotion within a month that would still the employer would still need to prove that he was a supervisor after that month what I understand your question getting at is isn't that a little bit easier of a case for the employer to prove and it seems so but there's nothing in the board's decision to really the board doesn't really discuss that here either way the point here is you had a big enough window of time to notice there should have been more evidence in four months if he was still a supervisor that's right your honor here or it's more than four months it's from May at the very latest all the way through the election in November didn't he go out on leave in September he did go out on leave that doesn't have any evidence after September so five months here at least given that the evidence does show that his position was changing as soon as Weiss was hired for instance the last paychecks he signed for employees were in early April so different parts of his position was being diminished before that moving on to the evidence of non-supervisory status after that again Mr. Cuevas' raise went through Mr. Weiss instead and employees consistently testified that while before his demotion Mr. Perea's demotion they had gone to Mr. Perea when seeking leave and when seeking overtime after Mr. Weiss was hired they went to Mr. Weiss for those things and they did not, Perea no longer had the authority to approve such things and given that there's no strong evidence either way of hiring given that nobody was hired there's nobody has carried the employer has not carried the burden of showing that Mr. Perea was still able to hire employees and it makes sense that he was not able to as the board found as he was no longer able to pay employees or to recommend them for raises or approve their overtime it was certainly reasonable and substantial evidence supports the board's decision that he did not have the authority to hire either after that point. With respect to the complaint I know the board said it wouldn't have changed and everything and I'm trying to, do you read it as being necessarily inconsistent with the hearing the evidence before the board? No your honor in that if he's demoted there's nothing in the complaint that specifically says he was a statutory supervisor under section 211 of the National Labor Relations Act and then was demoted as opposed to him having been another position that he was demoted from. I don't know enough about the real estate business so maybe you'll both tell me this, can you be a general property manager without being a supervisor? Because you did say I was that and then I was demoted I don't think there's any evidence in the record as to the title of general property manager your honor, but as a general matter when it comes to supervisory status and indeed this is mentioned in Kentucky River there's a lot of employees who may be called supervisors, they may have different duties from other employees who aren't actually statutory supervisors it could have been, there was some evidence in the record that Mr. Perea purchased supplies at Weiss's commands when other employees were not asked to do that that has nothing to do with whether he's a supervisor under section 211 of the act, but he may have had a slightly different position, he certainly was paid more, so the complaint could have been referring to that demotion but as you identified that wasn't the grounds on which the board rejected it on grounds that it would not have made a difference, given that what they were asking for was reopening the record, but this complaint wasn't signed by Mr. Perea it was signed by his counsel who then tried to retract it in a letter to the board, so it's unclear what they would even do if they reopened the record having the counsel testify would be not relevant information he wasn't a witness who had any knowledge of the events, and Perea's testimony was already there in the record and credited by a hearing officer seeing as my time is up, if the court has no further questions, I request that you enforce the board's order Mr. Horowitz, you were out of time but you can have one minute what Judge Millett just raised is exactly what the board did in this case with regards to looking at a four month period no, they're looking at a three month period or less because he was demoted sometime in May, supposedly May to June, June to July July to August, petitions filed in August, he goes out on disability a week after that it was a four month and there was nothing in that record I'm sorry, nothing in that decision to show that they looked at anything other than those four months if anything he abandoned his job responsibilities, now no one being hired is not the equivalent of losing your power to hire last thing I want to get into, Perea's testimony on appendix page 458, I ask you to re-look at that here is how it goes, when he got assigned these three other buildings what were you told when everything well that I was going to be the superintendent definitely of three properties and were you told that you were still the supervisor at no time well when you woke up this morning, were you told that you were still a judge of course not, because even if you get assigned another building it doesn't mean that you lose your supervisory status when you're a super is that a superintendent or a supervisor how do we know he didn't mean he was the superintendent, which I think he was were you told that you were still the supervisor at no time right, but I was going to be the super definitely of three properties so he was still going to be the superintendent yes, but listen, this is a hearing where the word super was thrown around and it was at times alluded to as superintendent and supervisor if you read the line of questioning it was superintendent here is what the intent was although it wasn't clarified but what is clarified is and you were told that you were and were you told you were still the supervisor answer at no time why does an employer have to say to someone I'm giving you two more buildings oh and by the way you're still the supervisor it's implied thank you Mr. Horowitz the case is submitted
judges: Tatel, Millett, Williams